UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOLLY CARBON, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>SEATTLE REPRODUCTIVE MEDICINE INC PS,<br><br>        Defendant. | CASE NO. 2:19-cv-01491-RAJ-JRC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

This matter has been referred to the undersigned by the District Court for the resolution of all discovery matters. *See* Dkt. 9. This matter is before the Court of plaintiffs' motion to compel defendant to respond to a number of interrogatories and requests for production. *See* Dkt. 25. Defendant opposes the motion to compel. *See* Dkt. 28.

Plaintiffs' motion to compel is granted in part because defendant failed to fully answer plaintiffs' interrogatories that are relevant to plaintiffs' claims and factual allegations. Defendant further offered inadequate, boilerplate objections to plaintiffs' requests for production. However, plaintiffs' motion to compel is denied in part because, following the filing of the motion to

compel, defendant supplemented its answers and responses to plaintiffs' interrogatories and requests for production, thus resolving some of plaintiffs' asserted deficiencies.

Accordingly, parties shall comply with this Order as discussed herein on or before **August 11, 2020 (14 days)**.

## BACKGROUND

Plaintiffs bring Washington State law claims against defendant for breach of contract, negligence, negligent infliction of emotional distress, and bailment relating to defendant's preservation, storage, and transfer of plaintiffs' cryopreserved embryo from Washington State to a medical center in Texas. *See* Dkt. 1. Specifically, plaintiffs allege that defendant shipped a container, purportedly containing plaintiffs' remaining embryo, to the medical center in Texas. *See id.* However, plaintiffs allege that upon receipt of the container, the medical center in Texas found that the container was empty. *See id.* at 7. Plaintiffs allege that they contacted defendant and demanded to know where their embryo was, but defendant offered no explanation for the loss of plaintiffs' embryo. *See id.*

In December 2019, the Court entered an order setting pretrial deadlines, and the parties commenced discovery. *See* Dkt. 15. Before the discovery deadline, plaintiffs filed the pending motion to compel, in which they assert that defendant inadequately responded to a number of interrogatories and requests for production, as well as failed to properly certify its answers to plaintiffs' interrogatories. *See* Dkt. 25. Prior to filing the pending motion to compel, plaintiff states that the parties met and conferred but were unable to reach a resolution. *See id.* at 3. However, defendant contests that plaintiffs conferred in good faith before filing the pending motion to compel. *See* Dkt. 28, at 1. Defendant further states that it has edited the contested objections and supplemented its responses to plaintiffs' discovery requests, thus rendering

plaintiffs' motion to compel as moot. *See id.* Plaintiffs maintain that defendant's supplemented discovery responses are still inadequate. *See* Dkt. 30.

## DISCUSSION

### I.  Meet and Confer Requirement

As an initial matter, in its response brief, defendant asserts that plaintiffs failed to confer with defendant in good faith prior to filing the pending motion to compel. *See* Dkt. 28, at 4–5. Any motion for an order compelling disclosure or discovery must include a certification that the moving party has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1); Local Civil Rule ("LCR") 37(a)(1). The certification, which may be included in the moving party's motion, a declaration, or affidavit, must list the date, manner, and participants to the conference. *See* LCR 37(a)(1). Where the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *See id.*

Here, plaintiffs sent defendant a letter specifically addressing each contested deficiency in defendant's responses to plaintiffs' discovery requests. *See* Dkt. 26-3. Further, on May 27, 2020, the parties held a telephone conference, in which they discussed some, but not all, of defendant's discovery responses at issue. *See* Dkts. 26, at 2; 29, at 2–3. Plaintiffs filed a declaration in support of the motion to compel, certifying their efforts to obtain discovery responses from defendant before seeking court intervention. *See* Dkt. 26, at 2. Although the parties did not address each contested discovery response in their May 27, 2020, telephone conference, plaintiffs attempted to confer in good faith with defendant, though discussions apparently "degraded in productivity" and ended without resolution. Dkts. 28, at 3; 30, at 2.

Accordingly, the Court finds that plaintiffs complied with the federal and local rules to meet and confer in good faith. *See* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1).

**II.     Motion to Compel**

Federal Rule of Civil Procedure 26(b) governs the scope of discovery that may be obtained—

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Similarly, a party may serve on another party requests to serve documents within the scope of Rule 26(b). *See* Fed. R. Civ. P. 34(a).

"The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

> The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit [its] answers to matters within [its] own knowledge and ignore information immediately available to [it] or under [its] control. . . . If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, [it] should so state under oath and should set forth in detail the efforts made to obtain the information.

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)).

When responding to requests for production, a party must produce all relevant documents within its "possession, custody[,] or control."

*& Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993) (quotation marks omitted). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

### III.   Interrogatories

Plaintiffs assert that defendant has failed to adequately answer Interrogatories Nos. 4, 5, 6, 7, 8, 9, 11, 12, and 14. *See* Dkt. 25, at 4–6. Although defendant supplemented its answers after plaintiffs filed the motion to compel (*see* Dkt. 29-5), plaintiffs argue that defendant's supplemental answers are incomplete, or non-answers, to plaintiff's interrogatories. *See* Dkt. 30, at 3–5. The Court addresses the contested supplemental interrogatory answers below.

*A.   Policy and Procedure Interrogatories*

Five interrogatories—Interrogatories Nos. 4, 5, 6, 7, and 8—inquired about whether and how defendant followed certain policies and standard operating procedures with respect to defendant's business operations and with respect to plaintiffs' embryo:

> Interrogatory No. 4: Describe whether [defendant] followed [Standard Operating Procedure "SOP"] IVFP-41 with respect to [plaintiffs' embryo]. If so, describe how and if not, explain why not.
>
> Interrogatory No. 5: Describe whether [defendant] followed SOP IVFP-19 with respect to [plaintiffs' embryo]. If so, describe how and if not, explain why not.
>
> Interrogatory No. 6: Describe whether [defendant] followed any standard operating procedure with respect to [plaintiffs' embryo]. If so, identify the standard operating procedures and describe how [defendant] complied. If now, explain why not.
>
> Interrogatory No. 7: Describe how [defendant] cryptopreserved [plaintiffs' embryo], including but not limited to, any procedures, protocols, processes, guidelines, quality assurance standards, or requirements followed.

1         Interrogatory No. 8:  Describe the procedures involved in [defendant]'s cryptopreservation of embryos, including, but not limited to, record keeping, storage, transportation, thawing, and use.

Dkt. 26-1, at 8–11.  In its supplemental answers, defendant partially answers these interrogatories, but raises a number of objections.  *See* Dkt. 29-5.

      Having reviewed defendant's supplemental answers identified by plaintiffs, the Court agrees that the supplemental answers to Interrogatories Nos. 4, 5, and 7 are insufficient, and defendant must fully answer these interrogatories.  For example, in Interrogatories Nos. 4 and 5, defendants answers that "[w]ithout waiving [its] objections, answering defendant[] consistently adhered to the standard of care and SOP IVFP-41" and "SOP IVFP-19." Dkt. 29-5, at 13–14. However, defendant fails to answer how it complied with or adhered to these policies.  *See id.* Although defendant objects to these interrogatories on the bases that "responsive information may be gleaned from medical records already in possession of [p]plaintiffs," defendant fails to "specify[] the records that must be reviewed, in sufficient detail to enable [plaintiffs] to locate and identify them as readily as [defendant] could." Dkt. 29-5, at 13–14; Fed. R. Civ. P. 33(d)(2). Defendant's reference to unspecified "medical records" is insufficiently specific to answer plaintiffs' interrogatories.  *See id.*

      Regarding Interrogatories Nos. 6 and 8, defendant argues that plaintiff agreed to withdraw and resubmit these interrogatories.  *See* Dkt. 28, at 8–7.  Plaintiffs concede that they agreed to "try and narrow those interrogatories, but did not withdraw them."  *See* Dkts. 30, at 3; 32, at 2.  In light of plaintiffs' apparent concession, the Court finds that plaintiffs must properly tailor Interrogatories Nos. 6 and 8, as agreed, before defendant is required to respond.

1    Accordingly, the Court GRANTS plaintiffs' motion to compel defendant to fully answer
2    Interrogatories Nos. 4, 5, and 7.  The Court DENIES plaintiffs' motion to compel defendant to
3    answer Interrogatories Nos. 6 and 8 as written.  *See* Dkt. 26-2, at 9, 11.

**B.     *Lost Embryo Interrogatories***

Three interrogatories—Interrogatories Nos. 9, 11, and 12—inquired about factual allegations regarding plaintiffs' lost embryo:

> Interrogatory No. 9:  Describe any acts, or omissions that [defendant] believes may have led to the destruction and/or loss of [plaintiffs' embryo].
>
> Interrogatory No. 11:  Describe when and how [defendant] learned that [the Texas medical center] received the Shipment, and the Shipment did not contain [plaintiffs' embryo].
>
> Interrogatory No. 12:  Describe any action [defendant] took after it learned that the Shipment did not contain [plaintiffs' embryo].

Dkt. 26-1, at 11–13.  In its supplemental answers, defendant again raises a number of objections, yet answers that "[r]esponsive information may be gleaned from the medical records already in possession of plaintiff."  Dkt. 29-5, at 22.

As discussed above, defendant's supplemental answers fail to "specify[] the records that must be reviewed, in sufficient detail to enable [plaintiffs] to locate and identify them as readily as [defendant] could."  Fed. R. Civ. P. 33(d)(2).  Defendant's reference to unspecified "medical records" is insufficiently specific to answer plaintiffs' interrogatories.  *See id.*

Further, beyond identifying unspecified "medical records," plaintiffs argue in their reply brief that defendant "evades" answering Interrogatory No. 12, which seeks information as to what action(s) defendant took "after it learned the Shipment did not contain [plaintiffs' embryo]."  *See* Dkt. 30, at 4.  Defendant argues its objections are proper because the allegation

that the shipment did not contain plaintiffs' embryo is in dispute and because any steps taken by defendant "for quality assurance purposes are privileged." Dkt. 28, at 9.

Having reviewed defendant's supplemental answer to Interrogatory No. 12, the Court finds that defendant's objections are partially proper. Under Washington State law, health care providers' internal records (and information contained therein), created specifically for, and collected and maintained by, a peer review committee or quality improvement committee are privileged and not subject to discovery in any civil action. *See* RCW 4.24.250(1); RCW 42.56.360; *Fellows v. Moynihan*, 285 P.3d 864, 868 (Wash. 2012). As defendant appears to be a health care provider under Washington State law, defendant's objection to Interrogatory No. 12 on these grounds is proper. *See* RCW 7.70.020 (defining "health care provider"). Defendant is required to disclose whether or not a quality assurance procedure occurred, even if the documents related to such a procedure may be privileged. If defendant asserts a privilege over certain documents, then plaintiffs are entitled to a privilege log over any such documents.

Also, because a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," an interrogatory is "not objectionable merely because it asks for an opinion or contention that relates to fact." Fed. R. Civ. P. 26(b)(1); 33(a)(2). Here, Interrogatory No. 12 is directly relevant to plaintiffs' claims against defendant regarding the allegedly lost embryo. *See* Dkt. 1. Accordingly, defendant's objection based on disputed "facts not in evidence" is not proper, and defendant must answer Interrogatory No. 12, excepting any privileged information, as set forth above. *See* Dkt. 29-5, at 24.

Accordingly, the Court GRANTS plaintiffs' motion to compel defendant to answer Interrogatories Nos. 9, 11, and 12 consistent with Fed. R. Civ. P. 26(b)(1); 33(a)(2), (d)(1).

C.     *Affirmative Defense Interrogatory*

Interrogatory No. 14 requests that defendant "[s]tate the alleged factual basis for each of [defendant]'s affirmative defenses." *See* Dkt. 26-1, at 13. Plaintiffs argue that although defendant provided a partial supplemental answer to Interrogatory No. 14, defendant's asserted objections are improper. *See* Dkt. 30, at 5. Defendant objected to Interrogatory No. 14 because the interrogatory (1) "amounts to a fishing expedition," (2) is a "catch all request," (3) "fails to comply with [Fed. R. Civ. P.] 34(b)'s requirement for reasonable particularity," and (4) is "premature." Dkt. 29-5, at 26.

Having reviewed defendant's supplemental answer and objections, the Court finds that defendant's answer and objections to Interrogatory No. 14 are insufficient. First, Rule 33(a)(2) allows a party to discover an opponent's theory of a case or its view regarding particular facts supporting a legal claim. *See* Fed. R. Civ. P. 33(a)(2); *Wilkerson v. Vollans Automotive, Inc.*, No. CO8-1501RSL, 2009 WL 1373678, at *1 (W.D. Wash. 2009). Thus, plaintiffs' interrogatory seeking facts supporting defendant's affirmative defenses in this matter is neither a "fishing expedition" nor a "catch all request." *See id.*; Dkt. 29-5, at 26. Second, Rule 34(b) governs the production of documents, not interrogatories. *See* Fed. R. Civ. P. 34. Accordingly, this objection to Interrogatory No. 14 is also improper. Third, while discovery in this matter may be in an early stage, Interrogatory No. 14 is not premature to the extent it seeks facts supporting affirmative defenses alleged in defendant's answer to the complaint. *See* Dkts. 5, at 10–11. However, the Court notes that defendant's supplemental answer to this interrogatory contemplates additional affirmative defenses that may develop through discovery. *See* Dkt. 29-5, at 26. To that extent, defendant is not required to answer the interrogatory but must timely supplement its response pursuant to Fed. R. Civ. P. 26(e).

1    Finally, the Court further notes that defendant answers Interrogatory No. 14 in part by
2    asserting that "the factual basis for [d]efendant's affirmative defenses can be found in medical
3    records produced to plaintiff." Dkt. 29-5, at 26. As discussed above, defendant's supplemental
4    answer fails to "specify[] the records that must be reviewed, in sufficient detail to enable
5    [plaintiffs] to locate and identify them as readily as [defendant] could." Fed. R. Civ. P. 33(d)(2).
6    Defendant's reference to unspecified "medical records" is insufficiently specific to answer
7    plaintiffs' interrogatories. *See id.*
8    Accordingly, the Court GRANTS plaintiffs' motion to compel defendant to answer
9    Interrogatory No. 14 consistent with Fed. R. Civ. P. 26(e); 33(a)(2), (d)(1).
10   **D.    *Remaining Interrogatories***
11   For the first time, in their reply brief, plaintiffs take issue with defendant's answers to
12   Interrogatories Nos. 2 and 13. *Compare* Dkt. 25, at 4–6, *with* Dkt. 30, at 3, 5. Although plaintiff
13   raised concerns regarding defendant's supplemental answers to these interrogatories via email on
14   July 11, 2020 (*see* Dkt. 31-1), plaintiff failed to dispute defendant's answers to these
15   interrogatories in the motion to compel. *See* Dkt. 25. Additionally, there is no indication that the
16   parties have further conferred regarding the purported deficient supplemental answers to these
17   interrogatories. *See* LCR 37(a)(1); *see also* Dkt. 31-1, at 1 (indicating that plaintiffs would not
18   strike the pending motion to compel despite the July 11, 2020, email to defendant's counsel).
19   Accordingly, the Court declines to address defendant's answers to Interrogatories Nos. 2
20   and 13 at least until such time as the parties attempt to confer in good faith and resolve any
21   remaining concerns regarding interrogatories not directly addressed in this order. *See* LCR
22   37(a)(1).
23
24

### IV. Waiver of Objections to Interrogatories

Plaintiffs argue that defendant's "new, tardy objections" in its supplemental answers to interrogatories "should be deemed waived." *See* Dkt. 30, at 7. "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed R. Civ. P. 33(b)(4). Defendant cites the ongoing COVID-19 pandemic and the furlough of the majority of defendant's employees as the cause of its delay in responding to plaintiffs' discovery requests. *See* Dkts. 28, at 3–4; 29, at 2. Defendant further explains that its supplemented answers and objections were based on information recently received from employees returning from furlough. *See* Dkts. 28, at 4; 29, at 6.

The Court recognizes that the parties' ability to effectively conduct discovery may very well have been impacted by the ongoing COVID-19 pandemic. Further, considering that many of defendant's employees were furloughed until recently, the Court finds good cause to excuse defendant's failure to timely assert all objections in its original answers to plaintiffs' interrogatories. *See* Fed. R. Civ. P. 33(b)(4). Accordingly, defendant's new objections raised in its supplemental answers to plaintiffs' interrogatories are not waived.

### V. Requests for Production

Plaintiffs assert that defendant has failed to adequately respond to Requests for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, and 15. *See* Dkt. 25, at 8–11. Although defendant supplemented its responses to these requests after plaintiffs filed the motion to compel (*see* Dkt. 29-5), plaintiffs argue that defendant's responses and boilerplate objections to these requests "obscure[] whether responsive information would be withheld" if and when defendant "locates additional documents." Dkt. 30, at 5.

Having reviewed defendant's supplemental responses and objections, the Court finds that some of defendant's objections are insufficient because they fail to adequately explain the reasons for objecting to these requests for production. *See* Fed. R. Civ. P. 34(b)(2)(B); *BNSF Ry. Co. v. U.S. District Court for the District Court of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding that "boilerplate objections or blanket refusals . . . [in] response to a Rule 34 requests for production of documents are insufficient to assert a privilege."); *see also Gibson v. SDCC*, No. 13-cv-01379-RFB-PAL, 2016 WL 845308 at *6 (D. Nev. March 2, 2016) (discussing that boilerplate objections are insufficient to establish that a particular discovery request is outside the scope of discovery). Specifically, in responding to Requests for Production Nos. 3, 4, 5, 11, 13, 14, and 15, defendant asserts the following objections without explaining why the particular request is outside of the scope of discovery: (1) "improperly calls for a legal conclusion" (Dkt. 29-5, at 13–14, 16); (2) the requests represent a "catch-all request" (*Id.* at 14, 16, 22, 27–28); and (3) the requests amount to "a fishing expedition" (*Id.* at 16, 22, 25, 27–28). These boilerplate objections, without more, are insufficient reasons for objecting to plaintiffs' requests. *See* Fed. R. Civ. P. 34(b)(2)(B); *BNSF Ry. Co.*, 408 F.3d at 1149 (9th Cir. 2005); *Gibson*, 2016 WL 845308 at *6.

Regarding Request for Production No. 5, although defendant objects to producing "all documents . . . that relate to [defendant] following any standard operating procedure with respect to [plaintiffs] embryo," defendant offers to produce a copy of its standard operating procedures index to allow [p]laintiffs to select from the voluminous policies they would like to review." Dkt. 29-5, at 16 (noting Fed. R. Civ. P. 34(b)'s "reasonable particularity" requirement). In considering this request in conjunction with Interrogatories Nos. 6 and 8 (*see supra*, section

1   III(A)), the Court finds defendant's offer reasonable, and hereby orders defendant to produce the

2   standard operating procedures index to plaintiffs to further facilitate discovery in this matter.

3   Regarding Requests for Production Nos. 6, 7, 8, and 9, defendant does not assert any

4   objection and unequivocally states that "no responsive materials have been withheld on the basis

5   of privilege." *See* Dkt. 29-5, at 18–19.  As plaintiff does not appear to contest these

6   supplemental responses, the Court will not compel defendant to further respond to these requests

7   for production, except as required pursuant to Fed. R. Civ. P. 26(e).

8   As for plaintiffs' concern regarding future supplementation of responses, defendant's

9   responses to the requests for production indicate that defendant understands its duty to timely

10  supplement its responses pursuant to Fed. R. Civ. P. 26(e).  *See, e.g.*, Dkt. 29-5, at 18–20, 23, 25

11  (discussing supplementation of responses and continued review of records).  At this point,

12  plaintiffs' concern regarding future supplementation is hypothetical, and the Court will not

13  address hypothetical concerns.  However, the Court reminds the parties of their ongoing duty to

14  timely supplement or correct any responses to discovery requests pursuant to Fed. R. Civ. P.

15  26(e).  The Court further reminds the parties that documents withheld on the basis of any

16  privilege must be recorded in a privilege log and produced to the opposing party pursuant to Fed.

17  R. Civ. P. 26(b)(5)(A).

18  Accordingly, the Court GRANTS plaintiffs' motion to strike defendant's boilerplate

19  objections to Requests for Production Nos. 3, 4, 5, 11, 13, 14, and 15 (Dkt. 25, at 11–12), and

20  defendant must supplement its responses to these requests and produce any documents withheld

21  based on these objections.  The Court further GRANTS plaintiffs' motion to compel defendant to

22  respond to Requests for Production No. 5 (Dkt. 25, at 9) to the extent that defendant is required

23

24

1  to produce its standard operating procedures index to plaintiffs.  The Court DENIES plaintiffs'

2  motion to compel defendant to further respond to Requests for Production Nos. 6, 7, 8, and 9.

3        **VI.**    **Certification of Discovery Responses**

4        Plaintiffs argue that defendant failed to properly certify its answers to plaintiffs'

5  interrogatories.  *See* Dkt. 25, at 3.  Answers to interrogatories must be in writing, given under

6  oath, and signed by each person giving the answers.  *See* Fed. R. Civ. P. 33(b)(3), (5).  Where an

7  answering party is a public or private entity, interrogatories must be answered by any officer or

8  agent, including an attorney.  *See* Fed. R. Civ. P. 33(b)(1)(B); 8B Charles Alan Wright & Arthur

9  R. Miller, *Federal Practice and Procedure* § 2172 (5th ed. 2019).

10        Defendant's original answers to plaintiff's interrogatories were not compliant with Rule

11  33 because they were not signed under oath.  *See* Fed. R. Civ. P. 33(b)(3); Dkt. 26-2, at 2, 32.

12  However, in early July 2020, defendant certified under oath its supplemental answers to

13  plaintiff's interrogatories in compliance with Rule 33(b)(3), (5).  *See* Dkt. 29-5, at 30.

14  Defendant's certified supplemental responses thus render plaintiff's motion to compel

15  certification moot.

16        Accordingly, plaintiffs' motion to compel certification (Dkt. 25, at 3) is DENIED.

17  However, the Court notes that defendant's certification was only provided after the motion to

18  compel was filed.  *See* Dkts. 25; 29-5.  Therefore, the Court will consider defendant's subsequent

19  certification in determining whether plaintiffs are entitled to expenses, including attorneys' fees.

20  *See* Fed. R. Civ. P. 37(a)(5).

21        **VII.**    **Request for Attorneys' Fees**

22        Plaintiffs motion the Court for an award of expenses, including reasonable attorneys'

23  fees, incurred in bringing its motion to compel.  *See* Dkts. 25, at 13; 30, at 6–7.  If a motion to

24

compel discovery responses is granted in part and denied in part, or discovery is only provided after the motion has been filed, the court may, after giving reasonable opportunity to be heard, apportion reasonable expenses for the motion. *See* Fed. R. Civ. P. 37(a)(5). The Court specifically notes that defendant failed to supplement its responses and failed to reconsider its objections to plaintiffs' discovery requests until after plaintiffs filed this motion to compel. *See* Dkts. 25, 26, 28, 29. Accordingly, expenses may be awarded if plaintiffs submit an affidavit within **five (5) days** of this order. Any response to the affidavit shall be filed within **five (5) days** after plaintiffs file any affidavit. *See* LCR 6(a).

In consideration of the motion for expenses, the Court notes that plaintiffs' motion to compel exceeds the 12-page limit pursuant to LCR 7(e)(2) and that plaintiffs failed to file a motion seeking the Court's approval to file an over-length motion. *See* Dkt. 25 (showing plaintiffs' 14 page); LCR 7(f). An attorney or party who without just cause fails to comply with the Local Civil Rules of this Court may be subject to sanctions as the Court may deem appropriate. *See* LCR 11(c). Accordingly, the Court will take into consideration plaintiffs' failure to comply with LCR 7 in determining whether and/or to what extent expenses may be awarded to plaintiffs.

## CONCLUSION

As set forth above, this Court **ORDERS** that:

1. Plaintiffs' motion to compel (Dkt. 25) is **GRANTED** in part and **DENIED** in part as in indicated in this order.

2. Defendant shall have **fourteen (14) days** from the date of this order to supplement its answers and responses to plaintiffs' interrogatories and requests for production as indicated in this order.

3. Plaintiffs shall submit any affidavit regarding expenses incurred in bringing its motion to compel (Dkt. 25) within **five (5) days** of this order. Defendant shall file any response to the affidavit within **five (5) days** after plaintiffs file an affidavit.

Dated this 28th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION TO COMPEL - 16