UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLY CARBON, *et al.*,

              Plaintiffs,

    v.

SEATTLE REPRODUCTIVE MEDICINE INC PS,

              Defendant.

CASE NO. 2:19-cv-01491-RAJ-JRC

ORDER ON PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 37(a)(5)

This matter is before the undersigned on referral from the District Court (Dkt. 9) and on plaintiffs' motion for reasonable attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5). *See* Dkts. 25, 36, 37. Defendant opposes the motion. *See* Dkts. 39, 40, 41.

Because the Court granted in part and denied in part plaintiffs' motion to compel defendant to respond to discovery requests (Dkt. 25), and because defendant did not supplement its discovery responses until after the motion to compel was filed, the Court finds that an award of reasonable attorneys' fees to plaintiffs is appropriate. Having considered the parties'

submissions related to the motion for reasonable attorneys' fees, the Court orders defendant to pay plaintiffs $5,000.00 in attorneys' fees no later than **October 14, 2020**.

## BACKGROUND

On June 25, 2020, plaintiffs filed a motion to compel defendant to respond to a number of interrogatories and requests for production. *See* Dkt. 25. In their motion to compel, plaintiffs also motioned the Court for an award of reasonable attorneys' fees incurred in bringing the motion to compel. *See id.* at 13. After plaintiffs filed their motion to compel, but before the Court ruled on the motion, defendant supplemented its responses and objections to plaintiffs' discovery requests. *See* Dkt. 28. Plaintiffs maintained that defendant's discovery responses were still inadequate. *See* Dkt. 30.

On July 28, 2020, the Court granted in part and denied in part plaintiffs' motion to compel and directed plaintiffs to submit an affidavit regarding any attorneys' fees they sought in relation to the motion to compel. *See* Dkt. 33. On August 8, 2020, plaintiffs submitted declarations in support of their motion for reasonable attorneys' fees. *See* Dkts. 36, 37. Defendant submitted a response brief and declarations in opposition of plaintiffs' motion for an award of attorneys' fees. *See* Dkts. 39, 40, 41.

## DISCUSSION

Plaintiffs seek a total award of $17,636.75 in attorneys' fees for bringing the motion to compel. *See* Dkts. 25, at 13; 36; 37. If a motion to compel discovery responses is granted in part and denied in part, or discovery is only provided after the motion has been filed, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* Fed. R. Civ. P. 37(a)(5). If reasonable attorneys' fees are awarded, the fees are calculated by using the "lodestar" method, multiplying the number of hours counsel reasonably spent on the

1  matter by a reasonable hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978

2  (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.

3  2001)). The amount of fees must be determined on the facts of each case. *Id.* (citing *Hensley v.*

4  *Eckerhart*, 461 U.S. 424, 429 (1983)). "Although in most cases, the lodestar figure is

5  presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the

6  lodestar to account for other factors which are not subsumed within it." *Id.* (internal citations

7  omitted).

8        In this case, the Court finds that defendant was given an opportunity to respond fully to

9  plaintiffs' requests for discovery before the motion to compel was filed, yet defendant failed to

10 do so. *See* Dkt. 25, at 3. Further, even though defendant supplemented its responses to

11 discovery requests after the motion to compel was filed, the Court found that a number of

12 defendant's supplemental responses and objections were still inadequate. *See* Dkt. 33.

13 Defendant's failure to provide complete responses to discovery requests necessitated plaintiffs to

14 expend considerable time and expense.

15       Defendant argues that its failure to timely and fully respond to plaintiffs' discovery

16 requests resulted from delays due to the COVID-19 pandemic. See Dkt. 39, at 1–2. The Court is

17 cognizant of the issues raised by defendant's argument, as the record indicates that plaintiffs

18 granted defendant an extension to respond to discovery requests in May 2020 based on COVID-

19 19's impact on defendant's operations and ability to collect responsive information and

20 documents. *See* Dkts. 25, at 3; 29, at 2. Additionally, it also appears that many of defendant's

21 employees who could assist with discovery responses were furloughed until June 2020. *See* Dkt.

22 39, at 1. However, even after defendant's employees returned from furlough, and defendant

23 supplemented its responses to plaintiffs' discovery requests (after the motion to compel was

24

ORDER ON PLAINTIFFS' MOTION FOR
REASONABLE ATTORNEYS' FEES PURSUANT TO
FED. R. CIV. P. 37(A)(5) - 3

1  filed), many of defendant's supplemental responses were still inadequate.  *See* Dkt. 33.

2  Accordingly, defendant's inability to provide complete and timely responses to plaintiffs'

3  discovery requests is not substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

4        Having reviewed the declarations submitted by plaintiffs in support of their motion (Dkts.

5  36, 37), the Court further finds that the hourly rates of plaintiffs' counsel are reasonable and

6  prevailing in the community for similar work performed by attorneys of comparable skill,

7  experience, and reputation.  It is noted that plaintiffs reduced their fee request by subtracting

8  time spent performing duplicative work.  *See* Dkt. 36, at 2.  However, as discussed below, an

9  award of all requested attorneys' fees is not appropriate, as plaintiffs' motion to compel was only

10  partially successful.  *See* Dkt. 33.

11        Defendant disputes the hourly rates of plaintiffs' attorneys and the number of hours

12  expended in bringing the motion to compel; however, defendant does not demonstrate how

13  plaintiffs' hourly rates or time spent are unreasonable—rather, defendant only compares

14  plaintiffs' hourly rates and time spent on the motion to compel with its own attorneys' rates and

15  time.  *See* Dkts. 39, at 5–8; 40; 41.  The Court finds this insufficient.  However, the Court notes

16  that one of plaintiffs' attorneys appears to "block-bill" for certain tasks completed in bringing the

17  motion to compel.  *See* Dkt. 37, at 2–3.  The Court will not award fees for block-billed entries.

18  *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

19        Finally, the Court has taken into consideration the fact that plaintiffs' motion to compel

20  was only partially granted, and that plaintiffs failed to seek the Court's approval before filing

21  their over-length motion to compel.  *See* LCR 7(e)(2) (limiting motions to compel to 12 pages);

22  LCR 7(f) (requiring the Court's approval prior to filing an over-length motion); Dkt. 25

23  (showing plaintiffs' 14-page motion to compel); Dkt. 33 (granting in part and denying in part

24

ORDER ON PLAINTIFFS' MOTION FOR
REASONABLE ATTORNEYS' FEES PURSUANT TO
FED. R. CIV. P. 37(A)(5) - 4

plaintiffs' motion to compel). Taking these factors into consideration, the Court has apportioned an award of reasonable attorneys' fees for the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(C).

Accordingly, the Court finds that plaintiffs should be awarded $5,000.00 in attorneys' fees for the motion to compel.

## CONCLUSION

For the reasons stated herein, the Court GRANTS in part plaintiffs' motion for reasonable attorneys' fees. *See* Dkt. 25. Defendant is ordered to pay plaintiffs $5,000.00 in attorneys' fees no later than **October 14, 2020**.

Dated this 14th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFFS' MOTION FOR
REASONABLE ATTORNEYS' FEES PURSUANT TO
FED. R. CIV. P. 37(A)(5) - 5